IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-111-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   **ORDER** |
| | ) |
| AUGUSTO ESPINDOLA-PINEDA, | ) |
| | ) |
| Defendant. | ) |

On May 9, 2025, Augusto Espindola-Pineda ("Espindola-Pineda" or "defendant") moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821") [D.E. 697]. On May 21, 2025, probation filed a report concerning Espindola-Pineda's motion for a sentence reduction [D.E. 703]. On July 14, 2025, Espindola-Pineda moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [D.E. 705]. As explained below, the court denies Espindola-Pineda's motions.

I.

On May 20, 2020, with a written plea agreement, Espindola-Pineda pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. See [D.E. 356, 369, 553]. On October 16, 2020, the court held Espindola-Pineda's sentencing hearing, adopted the facts set forth in the Amended Presentence Investigation Report ("Am. PSR"), and resolved Espindola-Pineda's objections. See Sent. Tr. [D.E. 522]; Am. PSR [D.E. 475]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Espindola-Pineda's total offense level to be 33, his criminal history category to be IV, and his advisory guideline range to be 188 to 235 months' imprisonment. See Sent. Tr. 23–24. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Espindola-Pineda to 228

months' imprisonment to run consecutively to any previous sentence. See id. at 24–35; [D.E. 481]. On October 31, 2020, Espindola-Pineda appealed. See [D.E. 483]. On March 22, 2022, the United States Court of Appeals for the Fourth Circuit affirmed Espindola-Pineda's conviction, enforced the appellate waiver in Espindola-Pineda's plea agreement, and dismissed the appeal. See United States v. Espindola-Pineda, No. 20-4556, 2022 WL 843901 (4th Cir. Mar. 22, 2022) (per curiam) (unpublished); [D.E. 597, 598, 608].

On June 10, 2023, Espindola-Pineda moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 228-month sentence. See [D.E. 652, 656]. On August 28, 2023, the United States moved to dismiss Espindola-Pineda's motion to vacate and filed a memorandum in support. See [D.E. 665, 666]. On September 18, 2023, Espindola-Pineda responded. See [D.E. 668]. On October 24, 2023, the court granted the United States' motion to dismiss. See [D.E. 670]. Espindola-Pineda did not appeal.

On May 9, 2025, Espindola-Pineda moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821"). See [D.E. 697]. On May 21, 2025, probation filed a report concerning Espindola-Pineda's motion for a sentence reduction. See [D.E. 703]. On July 14, 2025, Espindola-Pineda moved pro se for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 705].

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Barrett, 133 F.4th 280, 282–83 (4th Cir. 2025); United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th

Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (quotation and emphasis omitted). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-

3

sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Espindola-Pineda seeks a sentence reduction under Amendment 821 Part A. See [D.E. 697] 1; [D.E. 703-2] 1–2. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). See U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. § 4A1.1(d) (2021). Section 1B1.10 authorizes a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. See id. § 1B1.10(d); Barrett, 133 F.4th at 282–83.

At step one, the court calculates Espindola-Pineda's new advisory guideline range to be 168 to 210 months' imprisonment based on a total offense level 33 and a criminal history category III. See [D.E. 703] 1. Espindola-Pineda's new total offense level remains the same as his previous total offense level. In accordance with Amendment 821 Part A, the court removes the two status points assessed under U.S.S.G. § 4A1.1(d) for a defendant who committed his offenses while under any criminal-justice sentence, including probation, parole, supervised release,

4

imprisonment, work release, or escape status if a defendant has six or fewer points under U.S.S.G. § 4A1.1(a)–(d). Thus, Espindola-Pineda's criminal history category is III. See [D.E. 703] 1.

At step two, the court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Davis, 99 F.4th at 659; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). Espindola-Pineda is 47 years old and engaged in serious criminal conduct from December 2018 to February 2019. See Am. PSR ¶¶ 19, 22–25, 33. Espindola-Pineda conspired to traffic drugs while incarcerated in federal prison for a drug-trafficking conspiracy. See id. at ¶ 19 & n.1. Specifically, Espindola-Pineda coordinated drug shipments and deliveries from a federal prison in New Jersey and facilitated the shipments as they occurred. See id. at ¶¶ 19–25. Moreover, Espindola-Pineda used at least 12 contraband cell phones to commit the offense. See Sent. Tr. 32. This court considers possession and use of a contraband cellphone to be egregious. See United States v. Melton, 761 F. App'x 171, 172–78 (4th Cir. 2019) (per curiam) (unpublished). Not surprisingly, Espindola-Pineda's criminal record is extensive, including felony possession of cocaine, illegal reentry, conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting. See Am. PSR ¶¶ 38–40.

5

Espindola-Pineda cites some positive steps he has taken while federally incarcerated, such as participating in programming and staying infraction-free in custody since his latest federal sentence. See [D.E. 703-2] 1; [D.E. 703-3] 1–34; cf. Pepper, 562 U.S. at 491–92. The court, however, expects good behavior from all inmates in federal custody, particularly someone who committed his last felony while in federal prison.

Espindola-Pineda asks the court to reduce his sentence from 228 months' imprisonment to 204 months' imprisonment or a sentence at the low end of the revised advisory guideline range. See [D.E. 703-2] 1. This court disagrees with the Commission's retroactive policy change concerning status points. See Spears v. United States, 555 U.S. 261, 264–66 (2009) (per curiam) (acknowledging that a district court may reject and vary categorically from the guidelines based on a policy disagreement with the guidelines); Kimbrough v. United States, 552 U.S. 85, 108–11 (2007) (same); United States v. Rivera-Santana, 668 F.3d 95, 103 (4th Cir. 2012) (same). The policy change ignores how status points help to promote respect for the law for every offender who commits a new crime while in federal custody. In explaining its reasons for the Amendment, the Commission acknowledged that status points still serve multiple purposes of sentencing, including addressing the offender's lack of respect for the law. See U.S.S.G. supp. app. C, amend. 821, Reason for Amendment, 241 (explaining why the Commission retained status points for offenders in higher criminal history categories); U.S. Sent'g Comm'n Pub. Meeting Transcript, 27–28 (Aug. 24, 2023), https://www.ussc.gov/policymaking/meetings-hearings (same). This court finds that status points serve an important purpose in promoting respect for the law for all offenders, not just offenders in higher criminal history categories. A sentencing court may properly account for that difference in status in order to promote respect for the law under section 3553(a).

An offender, like Espindola-Pineda, who reengages in drug-trafficking while in federal prison for drug trafficking shows even less respect for the law than an offender who is not in federal custody. Considering the disrespect Espindola-Pineda demonstrated for the law, reducing Espindola-Pineda's sentence would not promote respect for the law. In any event, even if the court agreed with the Commission's new policy, the court would not reduce Espindola-Pineda's sentence. Espindola-Pineda is an unrepentant drug-trafficker whose federal incarceration did not prevent new criminal behavior and who acted as a "critical go-between" between drug-traffickers and their source of supply. Sent. Tr. 22–23; see Am. PSR ¶¶ 19, 22–25, 28, 33, 40. Espindola-Pineda's serious criminal conduct and recidivism demonstrate his dangerousness.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Espindola-Pineda's rehabilitation efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the parties' arguments, and the need to punish Espindola-Pineda for his serious criminal behavior, to incapacitate Espindola-Pineda, to promote respect for the law, to deter others, and to protect society, the court denies Espindola-Pineda's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble,

992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Johnson, 143 F.4th 212, 215–17 (4th Cir. 2025), appeal filed, No. 25-551 (U.S. Nov. 6, 2025); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); High, 997 F.3d at 185–86; Kibble, 992 F.3d at 330; United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Johnson, 143 F.4th at 215–17; Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See

8

United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Johnson, 143 F.4th at 215–17; Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza, 585 U.S. at 115–20; Pepper, 562 U.S. at 480–81; United States v. Burleigh, 145 F.4th 541, 547–49 (4th Cir. 2025); Johnson, 143 F.4th at 215–17; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in

9

paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

On July 9, 2025, Espindola-Pineda applied to the warden for compassionate release. See [D.E. 705-1] 1. On July 14, 2025, Espindola-Pineda moved for compassionate release. See [D.E. 705]. The court assumes without deciding that Espindola-Pineda has exhausted all administrative remedies, or alternatively, that the warden received Espindola-Pineda's compassionate release request and 30 days have elapsed since receipt. See 18 U.S.C. § 3582(c)(1)(A).

Espindola-Pineda seeks compassionate release under section 3582(c)(1)(A). Espindola-Pineda relies on the section 1B1.13(b)(6) policy statement. See [D.E. 705] 2. Specifically, Espindola-Pineda argues that a disparity "may" arise between illegal aliens and citizens because illegal aliens are not eligible for certain programs in prison and sentence reductions upon completing certain programs in prison. Id. at 4. Espindola-Pineda also argues that the Sentencing Commission adopted an amendment in April 2025 that caps the offense level at 32 for certain drug offenses. See id. at 4–5.

As for the unusually long sentence policy statement, "a change in the law is extraordinary and compelling if, but only if: (1) a defendant has received an unusually long sentence and has served at least 10 years, (2) there has been a change in the law (other than an amendment to the

Guidelines Manual that has not been made retroactive), and (3) such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." United States v. Spencer, 766 F. Supp. 3d 604, 609 (E.D. Va. 2025) (cleaned up); see U.S.S.G. § 1B1.13(b)(6); Davis, 99 F.4th at 654–55. Espindola-Pineda does not meet any of the elements of the unusually long sentence policy statement. Espindola-Pineda has not yet served 10 years of the term of imprisonment on the sentence from which he seeks compassionate release. Espindola-Pineda also fails to identify a pertinent change in the law. Moreover, Espindola-Pineda's sentence is not unusually long and does not create a gross disparity. Espindola-Pineda's sentence is 228 months. His new advisory guideline range is 168 to 210 months' imprisonment. Cf. United States v. Mason, No. 1:08-CR-103, 2024 WL 4667168, at *3 (W.D.N.C. Nov. 4, 2024) (unpublished) (considering difference between sentence imposed and new guideline sentence in determining whether sentence was "unusually long"); United States v. Wofford, Cr. No. 7:18-28, 2023 WL 7102165, at *3 (D.S.C. Oct. 27, 2023) (unpublished) (collecting cases). Therefore, Espindola-Pineda is not eligible for a sentence reduction under the unusually long sentence policy statement.

In any event, the sentencing cap that Espindola-Pineda argues creates a gross disparity would not alter the base offense level for Espindola-Pineda's guidelines sentence. Espindola-Pineda stipulated in his plea agreement to being accountable for at least 150 kilograms but less than 450 kilograms of cocaine. See [D.E. 369] ¶ 5a. Under the 2019 Sentencing Manual, that stipulation yielded a base offense level of 36. See U.S.S.G. § 2D1.1(c) (2025). Under the 2025 Sentencing Manual, that stipulation also yields a base offense level of 36. See U.S.S.G. § 2D1.1(c) (2025). Accordingly, Espindola-Pineda fails to show a gross disparity between his original sentence and the sentence likely to be imposed if he were sentenced today.

11

Espindola-Pineda's arguments concerning disparities in Bureau of Prisons treatment of illegal aliens do not concern the sentence imposed. Accordingly, a compassionate release motion cannot alleviate the complained of disparity between illegal aliens and citizens in the Bureau of Prisons.

Alternatively, the court assumes without deciding that Espindola-Pineda could satisfy the requirements of the unusually long sentence policy statement. As the court explained in discussing Espindola-Pineda's Amendment 821 motion, the court finds that the section 3553(a) factors counsel against reducing Espindola-Pineda's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Accordingly, the court denies Espindola-Pineda's motion for compassionate release. See, e.g., Concepcion, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; United States v. Smith, 75 F.4th at 464–66; Troy, 64 F.4th at 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331-32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motions for a sentence reduction [D.E. 697] and for compassionate release [D.E. 705].

SO ORDERED. This 19 day of November, 2025.

JAMES C. DEVER III
United States District Judge